# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:13CV-P179-R

CLAUDE COX                                                                                                        PLAINTIFF

v.

STEVE B. HILAND                                                                                                 DEFENDANT

## MEMORANDUM OPINION AND
## ORDER FOR PAYMENT OF THE INMATE FILING FEE

Plaintiff Claude Cox filed a *pro se* civil complaint. This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. That statute provides in pertinent part as follows:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The only exception to the limitation noted in the statute is if "the prisoner is under imminent danger of serious physical injury." *Id.*

Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S. Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the

resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As to the "imminent danger" exception, a prisoner must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The "'threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint if filed.'" *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). Allegations of harm occurring in the past are not sufficient to invoke the exception. *Vandiver v. Prison Health Servs.*, 727 F.3d at 585 (citing *Rittner v. Kinder*, 290 F. App'x at 797). Furthermore, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs.*, 727 F.3d at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). Therefore, a *pro se* plaintiff is "entitled to have his complaint liberally construed." *Vandiver v. Prison Health Servs*, 727 F.3d at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x at 562).

Plaintiff alleges in his complaint that on September 27th and 28th, 2013, he "started bleeding again from my butt and I have not had any bowel movements in at least a week or so." He told the nurse about his problems and requested her to call Defendant Hiland. He states that he is having a hard time breathing and that his stomach is hurting and "feel's all in knots." He further states:

> I really tri to make a bowle movement the only thing that happen's Is that I start Bleeding again and I really do fear far my personal safety and far my life I really do

feel that doctor Steve-B-hiland is out to get me and I fear that he will let me lay in my cell in the whole and die, before he decide's too do any thing medical for me .
. . .

For the purposes of determining whether to grant or deny Plaintiff's application to proceed without prepayment of fees, and liberally construing the complaint as the Court is required to do, the Court concludes that Plaintiff has sufficiently alleged under 28 U.S.C. § 1915(g) that he is under "imminent danger of serious physical injury" and is not barred in the instant action from proceeding as a pauper if he meets the requirements under 28 U.S.C. § 1915(a) for such status.

Upon consideration of Plaintiff's prison trust account statement (DN 4), the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).

**IT IS THEREFORE ORDERED** that Plaintiff's application (DN 3) is **GRANTED**.

**Pursuant to 28 U.S.C. § 1915(b)(1), however, Plaintiff is required to pay the statutory filing fee of $350.00 under an installment plan.** *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.").

An initial partial filing fee of **$6.65** will be assessed by this Order. 28 U.S.C. § 1915(b)(1). Upon payment of that initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his trust account. To accomplish collection, the **Kentucky State Penitentiary** is required to send to the Clerk of the Court the initial partial filing fee and thereafter payments from Plaintiff's prison trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of **$350.00** is paid in full. 28 U.S.C. § 1915(b)(2).

To accomplish collection, **IT IS ORDERED** that:

1. The **Kentucky State Penitentiary** shall collect from Plaintiff's prison trust account an initial partial filing fee in the amount of **$6.65** and shall forward the amount to the Clerk of the Court. Said payment shall be clearly identified by Plaintiff's name, Inmate Identification Number, and number assigned to this action.

2. Thereafter, the **Kentucky State Penitentiary** shall collect the **$343.35** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to his trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).

3. The institution need not issue separate checks for individual plaintiffs. Payment may be forwarded by the institution in a single check for all plaintiffs in its custody. However, the institution must clearly delineate each prisoner, his/her case number, his/her Inmate Identification Number, and the amount to be paid on a ledger accompanying each payment from the institution.

4. All payments shall be made payable to **Clerk, U.S. District Court** and sent to the following address:

    Office of the Clerk
    United States District Court
    Western District of Kentucky
    601 West Broadway, Ste. 106
    Louisville, KY  40202-2249

5. The **Clerk of this Court is directed to open an account** for the payment of the filing fee in this action.

Having addressed the filing fee issue, the Court must now undertake a preliminary review of Plaintiff's complaint under 28 U.S.C. § 1915A. Once the review is complete, an order will be entered informing the parties of what steps, if any, must be taken.

Date:

cc: Plaintiff, *pro se*
Financial Section, USDC, WDKY
KSP, Attn: Inmate Accounts #155616, 266 Water St., Eddyville, KY 42038
4413.010