UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00179

CLAUDE R. COX A/K/A CANDY LEE GEORGE,                           Plaintiff

v.

STEVE HILAND                                                    Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket No. 24). The deadline for Plaintiff to respond has passed. This matter is now ripe for adjudication. For the following reasons, the Court will **GRANT** Defendant's Motion for Summary Judgment.

### BACKGROUND

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues Steve Hiland, whom he identifies as a physician at KSP. Previously, this court dismissed several of his claims, but allowed his claim alleging denial of medical care to proceed against Defendant Hiland in his individual capacities.

Plaintiff alleges in his Complaint that on September 27, 2013 and September 28, 2013, he "started bleeding again from [his] butt and [has] not had any bowel movements in at least a week . . ." Docket No. 1. He alleges that Dr. Hiland refused to put him in the hospital. *Id.* Plaintiff states that he was having trouble breathing, his stomach was hurting, and that he started bleeding again when trying to make a bowel movement. He says that he fears for his "personal safety" and for his life, and that he feels like the Defendant is "out to get [him]" and would "let [him] lay in [his] cell in the whole and die, before he decide's too do any thing medical for me . . ." *Id.*

Defendant now moves for summary judgment, Docket No. 24.

1

**STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Only well-pled factual allegations contained in the complaint and amended complaint are considered on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## DISCUSSION

Defendant moves for summary judgment, arguing that the Plaintiff received adequate care while incarcerated, and that he failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Docket No. 24. The Kentucky Department of Corrections Policy and Procedure ("CPP") contains two separate grievance procedures. CPP 14.6(II)(K) requires prisoners to file grievances relating to health care services. *Id.* Here, Plaintiff did not file a grievance regarding treatment for a medical condition of rectal bleeding on September 27 or 28, 2013. Docket No. 24-3.

Congress enacted the PLRA to preclude prisoners from bringing actions regarding prison conditions in any jail until available administrative remedies were exhausted. The purpose was to reduce the quantity and improve the quality of prisoner suits. *Gowdy v. Simpson*, 2007 WL 4300841, *1 (W.D. Ky. Dec. 7, 2007). Consequently, "a prisoner confined in any jail, prison, or other correctional facility may not bring an action with respect to prison conditions under § 1983 until the available administrative remedies are exhausted." *Id.* The plain language of the statute makes exhaustion a precondition to filing an action in federal court. *Freeman v. Francis, et al.*, 196 F.3d 641, 645 (6th Cir. 1999). Because Plaintiff was clearly a "prisoner" at the time he filed suit, he was subject to the PLRA's requirements, and he has failed to follow them. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011).

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment, Docket No. 24, is **GRANTED**.  A separate judgment will issue.


cc: Plaintiff, *pro se*

    Counsel